IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 16-cr-00317-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   SHAREE EWUDZI-ACQUAH,

    Defendant.

_____

# ORDER
_____

    This matter is before the Court on defendant's Emergency Motion for a Reduction in Sentence to Time Served [Docket No. 69]. The government has filed a response opposing the motion. Docket No. 76. Ms. Ewudzi-Acquah has filed a reply, Docket No. 77, and a supplement to the motion. Docket No. 80.

**I. BACKGROUND**

    On April 28, 2017, Ms. Ewudzi-Acquah pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Docket No. 30. On October 24, 2017, the Court sentenced Ms. Ewudzi-Acquah to, *inter alia*, 120 months imprisonment followed by ten years of supervised release. Docket No. 55. Ms. Ewudzi-Acquah is currently incarcerated at FCI Tallahassee in Tallahassee, Florida. *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/. Ms. Ewudzi-Acquah has served approximately forty-six months of her sentence, and her projected release date is April 27, 2025, approximately fifty-six months from now. *Id*.

On July 24, 2020, Ms. Ewudzi-Acquah filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Docket No. 69.  Ms. Ewudzi-Acquah represents that she is 50 years old and has medical conditions – including type II diabetes, severe obesity, and hypertension – that mean that she is at a high risk of mortality from COVID-19.[1]  *Id*. at 1-2; *see also* Docket No. 76-2 (medical records from the Bureau of Prisons).  Ms. Ewudzi-Acquah also represents that COVID-19 is spreading within FCI Tallahassee.  Docket No. 80.  On this basis, Ms. Ewudzi-Acquah requests that the Court grant her compassionate release from the remainder of her prison sentence by reducing her sentence to time served.  Docket No. 69 at 14-15.

According to the BOP website, as of August 17, 2020, there are currently twenty-two inmates and eleven staff members at FCI Tallahassee who are positive for COVID-19.  *See* Federal Bureau of Prisons*, COVID-19 Cases*, https://www.bop.gov/coronavirus/.

## II. ANALYSIS

"Under § 3582(c)(1)(A)(i)," known as the "compassionate release provision," "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements

---

[1] COVID-19 is an infectious disease caused by a novel coronavirus.  See "Q&A on coronaviruses (COVID-19)," World Health Organization, Apr. 17, 2020, https://www.who.int/news-room/q-a-detail/q-a-coronaviruses.  COVID-19 became a pandemic in the early months of 2020 and continues to spread around the world and within the United States.

issued by the Sentencing Commission.'"  *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

### A.  Exhaustion

A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  The parties dispute whether that requirement is satisfied here.  Ms. Ewudzi-Acquah represents that she made a request for compassionate release to the warden at FCI Tallahassee on May 21, 2020.  Docket No. 69 at 2.  The government responds that there is no record of this request being received by the warden.  Docket No. 76 at 9-10.  Ms. Ewudzi-Acquah replies that the Court may nonetheless consider the motion because, regardless of whether the warden received her request, she did make the request on May 21.  Docket No. 77 at 2-3.[2]  Alternatively, Ms. Ewudzi-Acquah provides evidence that her counsel contacted the warden of FCI Tallahassee regarding the request for compassionate release on July 7, 2020, and so the 30-day clock should start then.  *Id*. at 3-4; *see also* Docket No. 77-1.

---

[2] While the statute indicates that it is the warden's "receipt" of the request that triggers the 30-day clock, *see* 18 U.S.C. § 3582(c)(1)(A), some courts have credited a defendant's representation that they submitted a request as sufficient to start the clock. *See, e.g.*, *United States v. Young*, 2020 WL 2614745, at *2 (W.D. Wash. May 22, 2020) (determining, based on defendant's "direct knowledge," that a request for release was submitted despite prison official's declaration that defendant had not submitted a request).  However, the Court need not analyze this issue to resolve the instant motion.

3

The Court agrees with Ms. Ewudzi-Acquah that the request made on July 7 triggers the 30-day clock. Counsel's email notified the warden that Ms. Ewudzi-Acquah was requesting compassionate release and gave the basis for such a request. *See* Docket No. 77-1 at 2 (noting that the request is based on the risk that the COVID-19 pandemic presents to Ms. Ewudzi-Acquah). Accordingly, the Court had jurisdiction to consider the motion on August 6, 2020. As there is no indication that Ms. Ewudzi-Acquah was aware that the warden failed to receive her request, the Court is not persuaded that Ms. Ewudzi-Acquah filing this motion before August 6 deprives it of jurisdiction to consider the motion after August 6. *Cf. United States v. Jenkins*, No. 99-cr-00439-JLK-1, 2020 WL 2466911, at *4 (D. Colo. May 8, 2020) (granting motion for compassionate release filed before the 30-day clock had run).

### B.  Extraordinary and Compelling Reasons

The Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction: (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n.1. Ms. Ewudzi-Acquah argues that her medical conditions – specifically, type II diabetes, severe obesity, and hypertension – qualify as extraordinary and compelling reasons for a sentence reduction. Docket No. 69 at 6-10. The Sentencing Commission has explained that a defendant's medical condition may be an extraordinary and compelling reason warranting a sentence reduction where:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not

> required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

See U.S.S.G. § 1B1.13, cmt. n.1(A).

Ms. Ewudzi-Acquah's medical records indicate that she is currently suffering from type II diabetes. See Docket No. 76-2 at 15 (medical report dated March 5, 2020). Other district courts have concluded that diabetes, within the context of the COVID-19 pandemic, qualifies as a serious medical condition under this policy statement. See, e.g., United States v. Lopez, 2020 WL 2489746, at *3 (D.N.M. May 14, 2020) (concluding that 62-year-old defendant with high blood pressure and type II diabetes had shown "extraordinary and compelling reasons" warranting compassionate release); United States v. Al-Jumail, 2020 WL 2395224, at *6 (E.D. Mich. May 12, 2020) (concluding that 60-year-old defendant with diabetes and chronic arterial disease meets the definition of U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)); United States v. Colvin, 2020 WL 1613943, at *4 (D. Conn. Apr. 2, 2020) (holding that diabetes is a "serious . . . medical condition, which substantially increases [defendant's] risk of severe illness if [defendant] contracts COVID-19" and granting compassionate release (internal quotation omitted)); United States v. Rodriguez, 2020 WL 1627331, at *8 (E.D. Pa. Apr. 1, 2020) (concluding that prison "is a particularly dangerous place" for an individual

with diabetes).  The government concedes that Ms. Ewudzi-Acquah has presented a "serious . . . medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  See Docket No. 76 at 10-11 (quoting U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I)).  Accordingly, the Court finds that Ms. Ewudzi-Acquah has demonstrated an extraordinary and compelling reason that could warrant a sentence reduction.

### C.   Section § 3553(a) Factors

Ms. Ewudzi-Acquah has shown that extraordinary and compelling reasons exist to reduce her sentence.  The question remaining is what, if any, amount of reduction is appropriate, which the Court must consider in light of the sentencing factors outlined in 18 U.S.C. § 3553(a).  Ms. Ewudzi-Acquah requests that her sentence be reduced to time served.  Docket No. 69.  The government opposes that request, arguing that reducing Ms. Ewudzi-Acquah's sentence in this case to time served undermines the objectives of the sentencing factors by failing to reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense.  Docket No. 76 at 14.

The Court agrees with the government.  Ms. Ewudzi-Acquah committed a very serious crime: possessing and trading child pornography online.  When the government seized her phone, it contained "hundreds" of images of child pornography, some of which contained depictions of violence.  See Docket No. 31 at 11-13.  Ms. Ewudzi-Acquah admitted that she knew the pictures that she was trading were of real children,

but "didn't see any harm in it" because the pictures had been around for a long period of time.  *See id*. at 11.  The seriousness of this offense is reflected in the Court's sentence of 120 months' imprisonment for Ms. Ewudzi-Acquah.  The Sentencing Guidelines called for an even harsher sentence – 121 to 151 months – but the statutory maximum for the offense was 120 months.  At sentencing, the Court specifically rejected Ms. Ewudzi-Acquah's motion for a sentence of 60 months, finding that she did not fall outside the heartland of individuals convicted of her offense.  *See* Docket No. 66 at 32.  The Court is not persuaded that reducing her sentence to time served – 46 months' imprisonment, or under forty percent of her original sentence – would provide just punishment or reflect the seriousness of Ms. Ewudzi-Acquah's offense.

Additionally, the Court may not grant Ms. Ewudzi-Acquah compassionate release unless it finds that she is "not a danger to the safety of any other person or to the community."  *See* U.S.S.G. § 1B1.13(2).  At sentencing, the Court found that trading child pornography both spreads images of the victims and fuels demand for child pornography; thus, Ms. Ewudzi-Acquah's trading of images made her a danger to the community.  *See* Docket No. 66 at 28-29, 32.  The Court also found an "average risk" that Ms. Ewudzi-Acquah would possess child pornography again.  *See id*. at 32.  While the Court credits Ms. Ewudzi-Acquah's efforts to rehabilitate herself while incarcerated, *see* Docket No. 69 at 12, nothing has changed since the time of sentencing that would cause the Court to view the seriousness or dangerousness of her offense differently.

The Court acknowledges that the continued incarceration of Ms. Ewudzi-Acquah may lead to her exposure to COVID-19, and that she is at a higher risk of serious

illness should she contract the virus. But the sentencing factors – particularly the seriousness of Ms. Ewudzi-Acquah's offense, the need to provide just punishment, and the danger she would pose to the community upon release – prevent the Court from releasing Ms. Ewudzi-Acquah from prison at this time, and the Court will accordingly deny her motion for compassionate release.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Emergency Motion for a Reduction in Sentence to Time Served [Docket No. 69] is **DENIED**.

DATED August 17, 2020.

                                        BY THE COURT:

                                        PHILIP A. BRIMMER
                                        Chief United States District Judge