IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 16-cr-00317-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    SHAREE EWUDZI-ACQUAH,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Motion of Sharee Ewudzi-Acquah for Reconsideration of Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 84]. The government has filed a response opposing the motion. Docket No. 86.

**I. BACKGROUND**

On April 28, 2017, Ms. Ewudzi-Acquah pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Docket No. 30. On October 24, 2017, the Court sentenced Ms. Ewudzi-Acquah to, *inter alia*, 120 months imprisonment followed by ten years of supervised release. Docket No. 55. Ms. Ewudzi-Acquah is currently incarcerated at FCI Tallahassee in Tallahassee, Florida. *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/. Ms. Ewudzi-Acquah's projected release date is April 27, 2025. *Id*.

On July 24, 2020, Ms. Ewudzi-Acquah filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Docket No. 69. On August 17, 2020, the Court

denied the motion. Docket No. 82. The Court found that, while Ms. Ewudzi-Acquah's health conditions qualified as extraordinary and compelling reasons that could warrant a sentence reduction, *id.* at 5-6, the sentencing factors outlined in 18 U.S.C. § 3553(a) counseled against a reduction in sentence. *Id.* at 6-8.

In her motion for reconsideration, Ms. Ewudzi-Acquah states that FCI Tallahassee has "rapidly deteriorating" COVID-19 conditions due to the Delta variant. Docket No. 84 at 2. Ms. Ewudzi-Acquah argues that the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence to time served or home confinement. *Id.* at 1, 5. Specifically, Ms. Ewudzi-Acquah argues that she is unable to receive sex offender treatment due to the COVID-19 pandemic. *Id.* at 7.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A)(i), known as the "compassionate release" provision, a district court may grant a motion for a reduction of sentence by the defendant or the director of the Bureau of Prisons ("BOP") if three requirements are met. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The requirements are that "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *Id.* A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release. *Id.* at 1043.

Additionally, a district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  In its previous order, the Court found that Ms. Ewudzi-Acquah's request to the warden of FCI Tallahassee on July 7, 2020 for compassionate release conveyed jurisdiction to the Court to consider the motion as of August 6, 2020.  Docket No. 82 at 4.  Ms. Ewudzi-Acquah's motion for reconsideration does not indicate that she has made another request to the warden.  *See generally* Docket No. 84.  However, because the government does not raise the issue, *see generally* Docket No. 86, and Ms. Ewudzi-Acquah's reconsideration motion rests on similar grounds as her previous motion, i.e., the COVID-19 pandemic, the Court will consider the merits of Ms. Ewudzi-Acquah's reconsideration motion.

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not "applicable" under the First Step Act when a motion is brought by a defendant.  *See McGee*, 992 F.3d at 1050.  Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release.  *See id.* (reasoning that, because the guidelines are not "applicable" they "cannot constrain district courts' discretion" (citation omitted)).  However, a court may conclude that the application notes to U.S.S.G. §1B1.13 "still provide[] the best definition and description of 'extraordinary and

3

compelling reasons.'"  *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

A district court may reconsider its prior rulings in criminal cases.  *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).  Grounds warranting a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion for reconsideration is not an appropriate means to revisit issues already addressed or to advance arguments or evidence that could have been raised in prior briefing.  *Id.*

## III.  ANALYSIS

"The existence of the COVID-19 pandemic no doubt can be described as extraordinary insofar as it is beyond what is usual, customary, regular, or common."  *United States v. Gonzalez*, 467 F. Supp. 3d 1075, 1079 (D. Colo. 2020) (citations, alterations, and quotations omitted).  "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances."  *Id.*; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release.").

Ms. Ewudzi-Acquah's reconsideration motion is filed after significant advances in the fight against COVID-19. Since the filing of her first motion, vaccines have become widely available. *See* Federal Bureau of Prisons, *COVID-19 Vaccination Efforts Commended* (Jan.16, 2021), https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp ("As of January 15, 2021, the BOP administered 17,189 doses of the [COVID-19] vaccine."); Federal Bureau of Prisons, *COVID-19*, https://www.bop.gov/coronavirus/ (last visited Jan. 19, 2022) (stating that the Bureau of Prisons has administered 285,713 COVID-19 vaccine doses as of January 19, 2022). The Court considers this to be "new evidence previously unavailable," which warrants reconsideration of its earlier finding that Ms. Ewudzi-Acquah had demonstrated extraordinary and compelling reasons warranting a sentence reduction. *See Christy*, 739 F.3d at 539. "[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The government supplied records indicating that Ms. Ewudzi-Acquah was offered a COVID-19 vaccine and refused it. Docket No. 86-3. Accordingly, the Court finds that she no longer has demonstrated extraordinary and compelling reasons for a sentence reduction. *See United States v. Carter*, 2021 WL 1310784, at *3 (E.D. Mich. Apr. 8, 2021) (finding no extraordinary and compelling reasons when a defendant declines the vaccine)*; United States v. Bautista*, 2021 WL 1264596, at *6 (E.D. Pa. Apr. 6, 2021) (finding that the refusal to receive the vaccine "undercuts the premise of [the] motion"); *United States v. Gonzalez Zambrano*, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021)

("It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them.").

Even if Ms. Ewudzi-Acquah had demonstrated extraordinary and compelling reasons, she has presented no basis for the Court to reconsider its earlier ruling that a reduction in sentence is unwarranted under the sentencing factors of 18 U.S.C. § 3553(a). As cause, Ms. Ewudzi-Acquah argues that she cannot participate in the Sex Offender Management Program ("SOMP") in prison due to the COVID-19 pandemic. Docket No. 84 at 6-7. The records supplied by the government contradict this. On April 13, 2018, Ms. Ewudzi-Acquah declined interest in SOMP. Docket No. 86-4. The government's response articulates how Ms. Ewudzi-Acquah could participate in SOMP or another sex offender treatment program if she desired, despite the pandemic. Docket No. 86 at 6-7. Additionally, even if Ms. Ewudzi-Acquah was correct that she could not receive the treatment at this time, this does not bear on the sentencing factors under 18 U.S.C. § 3553(a). In the Court's earlier order, it found that "the sentencing factors – particularly the seriousness of Ms. Ewudzi-Acquah's offense, the need to provide just punishment, and the danger she would pose to the community upon release – prevent the Court from releasing Ms. Ewudzi-Acquah from prison at this time." Docket No. 82 at 8. Ms. Ewudzi-Acquah has presented no argument that would warrant reconsideration of this conclusion. Accordingly, the Court will deny her motion.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion of Sharee Ewudzi-Acquah for Reconsideration of Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 84] is **DENIED**.

DATED January 19, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge